UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLYNN SPENCER,

                Plaintiff,

v.

SGT. STARNER, *et al.*,

                Defendants.

No. 18-CV-365 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On September 18, 2019, the Court issued an Opinion and Order dismissing all of Plaintiff's claims against Defendant Sullivan County (the "County") and some of Plaintiff's claims against Defendants Robert B. Cintron ("Cintron") and Sgt. Starner ("Starner"). (Dkt. No. 56.) The Court granted Plaintiff 30 days in which to file a Second Amended Complaint. (*Id.*) Plaintiff made no such submission. On October 30, 2019, the Court issued an Order directing Plaintiff to show cause as to why his claims against Sullivan County and certain claims against Starner should not be dismissed for failure to prosecute. (Order To Show Cause (Dkt. No. 57).)[1] Because this Order was inadvertently not mailed to Plaintiff, the Court reissued the Order on December 12, 2019. (Order To Show Cause (Dkt. No. 58).) Plaintiff has not filed a Second Amended Complaint and has not otherwise communicated with the Court.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be

---

[1] On January 7, 2020, the Court confirmed that the Order directing Plaintiff to show cause also applied to certain of Plaintiff's claims against Cintron that were dismissed by the Court in its September 18, 2019 Opinion and Order. (Dkt. No. 61.)

involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also*

*Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of certain of Plaintiff's claims. Plaintiff was ordered at least twice to file a Second Amended Complaint and was instructed that a failure to do so could result in dismissal. (*See* Dkt. Nos. 56, 58.) Plaintiff has failed to comply with these Orders. Accordingly, Plaintiff's claims against Sullivan County are dismissed without prejudice, as are his state law and Fourth and Eighth Amendment claims based on his strip search against Starner and Cintron. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 25, 2020
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3