UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLYNN SPENCER,

                       Plaintiff,

        v.

STARNER, *et al.*,

                       Defendants.

No. 18-CV-365 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

       On September 18, 2019, the Court issued an Opinion and Order dismissing all of Plaintiff's claims against Defendant Sullivan County (the "County") and some of Plaintiff's claims against Defendants Robert B. Cintron ("Cintron") and Sgt. Starner ("Starner"). (Dkt. No. 56.) The Court granted Plaintiff 30 days in which to file a second amended complaint. (*Id.*) Plaintiff made no such submission. On October 30, 2019, the Court issued an Order directing Plaintiff to show cause as to why his claims against Sullivan County and certain claims against Starner should not be dismissed for failure to prosecute. (Order To Show Cause ("Oct. 30, 2019 Order") (Dkt. No. 57).)[1] Because this Order was inadvertently not mailed to Plaintiff, the Court reissued the Order on December 12, 2019. (Order To Show Cause ("Dec. 12, 2019 Order") (Dkt. No. 58).) Plaintiff failed to file a second amended complaint or otherwise respond to the Order To Show Cause. Thus, on January 27, 2020, the Court dismissed certain of Plaintiff's claims against Sullivan County, Starner, and Cintron for failure to prosecute. (Order (Dkt. No. 65).)

---

[1] On January 7, 2020, the Court confirmed that the Order To Show Cause also applied to certain of Plaintiff's claims against Cintron that were dismissed by the Court in its September 18, 2019 Opinion and Order. (Dkt. No. 61.)

Subsequently, the Court responded to two letters filed by Defendants via Memo Endorsement. (Dkt. Nos. 66, 68–70.) The Clerk of Court mailed copies of the Memo Endorsements to Plaintiff at the address provided to the Court and listed on the docket sheet: #18A2400, Mohawk C.F., 6514 Rt. 26, P.O. Box 8451, Rome, NY 13442. (*See* Dkt. (entries for February 19, 2020).) On March 4, 2020, the mail was returned to the Clerk of Court as undeliverable. (*See* Dkt. (entries for Mar. 4, 2020).) On April 2, 2020, the Court issued another Order To Show Cause, directing Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. (Order To Show Cause ("Apr. 2, 2020 Order") (Dkt. No. 74).) On June 2, 2020, when Plaintiff failed to respond to the Order, Starner and Cintron sought dismissal of the case and filed proposed judgments. (Dkt. Nos. 75–76.) The Court stated that given the COVID-19 pandemic, it was "concerned that Plaintiff may not have properly received [the April 2, 2020] Order To Show Cause," and directed counsel for Defendants to mail a copy of that Order to Plaintiff's last known address. (Dkt. No. 78.) The Court noted that if Plaintiff failed to respond by July 20, 2020, Starner and Cintron should re-file their proposed judgments. (*Id.*) Counsel certified that the Order To Show Cause was mailed to Plaintiff, (Dkt. Nos. 79–80), and on June 24, 2020, informed the Court that the mail had been returned and marked as "Refused," (Dkt. Nos. 81–82). Plaintiff has failed to respond to any of the Court's Orders To Show Cause, and has not otherwise corresponded with the Court since filing an Amended Complaint on August 2, 2018, (Dkt. No. 23).

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to

dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 6 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the

Court if Plaintiff's address changes, and the Court may dismiss the [A]ction if Plaintiff fails to do so.").) Indeed, Plaintiff has previously notified the Court of changes in his address. (Dkt. Nos. 21, 24.) Further, the Court's multiple Orders To Show Cause have indicated that Plaintiff's failure to show cause would result in the Court dismissing the case without further notice. (*See* Oct. 30, 2019 Order; Dec. 12, 2019 Order; Apr. 2, 2020 Order.) At least one of the Court's Orders To Show Cause was returned as undeliverable to the Court, (*see* Dkt. (entries for Mar. 4, 2020)), and counsel for Defendants have been similarly unable to transmit the Court's Orders to Plaintiff, (Dkt. Nos. 81–82).

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

Counsel for Defendants is directed to mail a copy of this Order to Plaintiff's last known address and to certify that they did so on the docket by September 15, 2020.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 10, 2020
    White Plains, New York

                                            _____
                                            KENNETH M. KARAS
                                            United States District Judge